**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MICHAEL DAVIS**<br><br>            **Plaintiff**<br><br>     **v.**<br><br>**SUPERVALU, INC. d/b/a SAV-A-LOT
and ELBRIDGE PARTNERSHIP**<br><br>            **Defendants** | **CIVIL ACTION
NO. 14-06505** |

**PAPPERT, J.**                                    **FEBRUARY 5, 2015**

## MEMORADUM

Presently before the Court is Defendant Elbridge Partnership's ("Elbridge's") Motion to Dismiss (Doc. No. 12) pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Elbridge, a nondiverse defendant, asks the Court to dismiss with prejudice all claims against Elbridge so that complete diversity of citizenship is reestablished and the case can remain in federal court.  For the reasons stated below, the motion is denied and the case remanded to the Philadelphia County Court of Common Pleas.

**Factual and Procedural Background**

On October 14, 2014, Plaintiff Michael Davis ("Davis") filed a complaint in the Philadelphia County Court of Common Pleas.  (*See* Notice of Removal, Doc. No. 1, ¶ 1).  The complaint contained a single count alleging negligence against a single defendant, Moran Foods, LLC d/b/a Save-A-Lot, Ltd., incorrectly identified as "Supervalu, Inc. d/b/a Save-A-Lot" ("Save-A-Lot").  *See id.*  Davis contended that he was injured when he slipped and fell on an icy parking lot at a Save-A-Lot grocery store.  *See id.* at ¶ 4.  Save-A-Lot filed a Notice of Removal in this Court on November 12, 2014.  *Id.*  The Notice of Removal asserted diversity jurisdiction pursuant to 28 U.S.C. § 1332.  *Id.* at ¶ 16.  It alleged that Davis was a citizen of Pennsylvania,

Save-A-Lot was a citizen of Missouri and Minnesota, and the amount in controversy exceeded $75,000 exclusive of interest and costs. *Id.* at ¶¶ 5, 6, 15.  On November 21, 2014, Davis filed a motion for leave to amend the complaint.  (Doc. No. 4).  Davis requested leave to add Elbridge, the alleged owner of the Save-A-Lot parking lot, as an additional defendant. *Id.* at ¶ 7.  The motion for leave to amend alleged that Elbridge is a Pennsylvania partnership with a principal place of business in Pennsylvania. *See id.* at ¶ 6.  Elbridge's joinder, therefore, would destroy complete diversity of citizenship.  On December 2, 2014, the Court granted Davis' motion to amend, and on December 10, 2014, Davis filed his amended complaint adding Elbridge as a defendant.  (Doc. Nos. 5, 6).

Elbridge filed the motion currently before the Court on January 6, 2015.  (Doc. No. 12).  Elbridge argues that Davis' amended complaint should be dismissed (i) under the fraudulent joinder doctrine or (ii) pursuant to 28 U.S.C. § 1447(e).  Given the case's procedural posture, however, neither the fraudulent joinder doctrine nor analysis under § 1447(e) applies.  The Court accordingly lacks subject matter jurisdiction.

**Legal Standard**

"Because a party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists, a removing party who charges that a plaintiff has fraudulently joined a party to destroy diversity jurisdiction has a 'heavy burden of persuasion.'" *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d at 1012 n.6 (3d Cir. 1987).  Joinder is fraudulent only "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Id.*

Additionally, 28 U.S.C. § 1447(e) confers substantial discretion on the courts in deciding whether to permit joinder of a nondiverse defendant.  *See Powers v. Southland Corp.*, 4 F.3d 223, 226 (3d Cir. 1993) (Section 1447(e) "gives the court discretion to join a party even though joinder would destroy subject matter jurisdiction."); *see also Morze v. Southland Corp.*, 816 F.Supp. 369, 370 (E.D. Pa. 1993) (Section 1447(e) "compels courts to exercise discretion when deciding whether to remand a case to state court by balancing the equities involved and weighing the interests and prejudices to each party involved.").

**Discussion**

The fraudulent joinder doctrine allows an action to "be *removed* despite the existence of forum-state or non-diverse defendants if those parties were 'fraudulently' named as defendants with the sole purpose of defeating federal jurisdiction."  *Moore v. Johnson & Johnson*, 907 F.Supp.2d 646, 662 (E.D. Pa. 2012) (emphasis added); *see also In re Briscoe*, 448 F.3d 201, 215-6 (3d Cir. 2006) ("The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity.").  Here, there was complete diversity of citizenship at the time of removal.  The fraudulent joinder doctrine does not apply to the addition of Elbridge *subsequent* to removal.  *See, e.g.*, *Gilberg v. Stepan Co.*, 24 F.Supp.2d 355, 356-7 (D.N.J. 1998) (determining that post-removal request for joinder should be analyzed under § 1447(e) rather than the fraudulent joinder doctrine).

28 U.S.C. § 1447(e)[1] applies when a plaintiff moves to add a nondiverse defendant after a case has been removed.  *See id.*  While an analysis under § 1447(e) is not necessary because the Court has already granted Davis' motion to amend the complaint to add Elbridge as a defendant,

---

[1]      28 U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

(Doc. No. 5), § 1447(e) supports the Court's earlier decision to allow joinder and requires remand of the case.

The Third Circuit Court of Appeals has "not yet addressed the appropriate analytical approach to § 1447(e)," but it has pointed to the approach adopted by the Fifth Circuit Court of Appeals in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (1987).  *See Hayden v. Westfield Ins. Co.*, 586 Fed.Appx. 835, 840 (3d Cir. 2014); *see also Doe v. Society for Creative Anachronism, Inc.*, No. 07-cv-1439, 2007 WL 2155553, at *1 (E.D. Pa. Jul. 25, 2007) ("While the Third Circuit has not adopted an approach to be used by a district court when applying Section 1447(e) . . . [n]umerous cases from this District have followed *Hensgens*.").  Under *Hensgens*, a district court confronted with a request to join a nondiverse party should consider (i) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (ii) whether plaintiff has been dilatory in asking for amendment, (iii) whether plaintiff will be significantly injured if amendment is not allowed, and (iv) any other factors bearing on the equities.  833 F.2d at 1182.  "The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted.  If it permits the amendment of the nondiverse defendant, it then must remand to the state court."  *Id.*  Application of the *Hensgens* factors supports allowance of Elbridge's joinder.

*First*, there is insufficient evidence to show that Davis sought joinder simply to defeat federal jurisdiction.  Elbridge points to the fact that Davis did not originally name Elbridge as a defendant "even though Elbridge Partnership's identity and ownership interest is a matter of public record" as evidence that Davis sought amendment for the purpose of defeating federal jurisdiction.  (Doc. No. 12, p. 9)[2].  Elbridge also suggests that the timing of the request for

---

[2]	Page references reflect the numbering applied by the Court's ECF system.

amendment – nine days after removal – suggests that Davis' "sole purpose" for joining Elbridge "is to defeat diversity jurisdiction." *Id.*

"The timing of [plaintiff's] motion . . . can be circumstantial evidence of [plaintiff's] motive and purpose for joining a non-diverse defendant." *City Line-Hamilton Builders, LLC v. Cincinnati Ins. Co.*, No. 12-cv-03291, 2013 WL 1286187, at *1 (E.D. Pa. Mar. 29, 2013). When a plaintiff knows about a nondiverse defendant's potential liability at the time the complaint is originally filed but does not include that person as a party, subsequent attempts to join that person as a party will be viewed as an attempt to destroy diversity. *Montalvo v. John Doe I*, No. 10-cv-2617, 2010 WL 3928536, at *3 (E.D. Pa. Oct. 5, 2010). Elbridge, however, does not allege that Davis actually knew about Elbridge at the time the complaint was filed in state court. It simply argues that its identity and ownership interest are "a matter of public record." (Doc. No. 12, p. 9). Because "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand," the Court cannot conclude that Davis' motion to add Elbridge as a defendant was predominantly motivated by a desire to defeat federal jurisdiction. *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *see also, e.g.*, *City Line-Hamilton*, 2013 WL 1286187, at *6 ("Because of the presumption in favor of state jurisdiction, when faced with a lack of proof to the contrary, I must err on the side of remand.").

*Second*, Davis was not dilatory in asking for amendment nine days after the case was removed. Davis' motion to amend does not appear to have been an effort to delay the progress of the litigation. Rather it was filed promptly after the case was removed. Elbridge concedes this point. (Doc. No. 12, p. 12).

*Third*, if amendment had not been allowed, Davis could have been significantly injured. It remains possible that a jury may find Elbridge – the property owner – at least partially liable for Davis' injuries.[3]  If joinder had been denied, Davis could be forced to litigate his claims in two separate fora even though those claims arise out of a single event and center on the same facts.  *See, e.g.*, *Kahhan v. Mass. Cas. Ins. Co.*, No. 01-cv-1128, 2001 WL 1454063, at *2 (E.D. Pa. Nov. 14, 2001) ("If Skversky is not added as a defendant to the present action plaintiff will be forced to litigate two lawsuits at the same time, increasing her litigation costs tremendously.").

*Fourth*, equity favored allowing amendment.  This case is still in its early stages, and at the time Davis sought amendment, no answer had yet been filed.  Elbridge is represented by the same counsel as Save-A-Lot and will have adequate time to conduct discovery and prepare its defenses.  As this Court sitting in diversity would have applied the law of the forum state, joinder and remand will not alter the substantive rights of the parties.  In short, efficiency and equity support the Court's decision to allow Davis to amend his complaint and add Elbridge as a party.

Finally, in an alternative request for relief, Elbridge appears to ask the Court to "disregard" Elbridge's citizenship for diversity purposes and proceed with Elbridge still in the case.  (See Doc. No. 12, p. 10).  Under the fraudulent joinder doctrine, upon removal, a district court can properly disregard the citizenship of a fraudulently joined party to exercise jurisdiction over that party to *dismiss it from the case*.  *In re Briscoe*, 448 F.3d at 216 ("If the district court determines that the joinder was 'fraudulent' . . . the court can disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case,

---

[3]     Elbridge asserts that Davis has not shown significant injury because "Save-A-Lot has filed an Answer to the Amended Complaint representing that Save-A-Lot, not Elbridge Partnership, is solely responsible for common area maintenance."  (Doc. No. 12, p. 12).  The Court's § 1447 analysis, however, can only account for the circumstances that exist at the time the plaintiff files the request to join a nondiverse party.  Save-A-Lot's answer (Doc. No. 9) was filed on December 23, 2014, nearly three weeks after the Court had granted Davis' motion to amend the complaint.

dismiss the nondiverse defendants, and thereby retain jurisdiction.").  When considering the post-removal joinder of a nondiverse defendant, however, district courts have only two options: (i) deny joinder or (ii) permit joinder and remand the action to the state court.  28 U.S.C. 1447(e); *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999) ("[Section 1447(e)] does not allow a district court to retain jurisdiction once it permits a nondiverse defendant to be joined in the case.").  Once Elbridge was added as a defendant, with approval of the Court, complete diversity of citizenship – and the Court's subject matter jurisdiction – was lost.  The case must be remanded to the Philadelphia County Court of Common Pleas.

An appropriate order follows.

/s/ Gerald J. Pappert
GERALD J. PAPPERT, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MICHAEL DAVIS** | |
| **Plaintiff** | **CIVIL ACTION** |
| **v.** | **NO. 14-06505** |
| **SUPERVALU, INC. d/b/a SAV-A-LOT and ELBRIDGE PARTNERSHIP** | |
| **Defendants** | |

## ORDER

**AND NOW**, this 5th day of February, 2015, upon consideration of Defendant Elbridge Partnership's Motion to Dismiss Plaintiff's Claims Pursuant to FRCP Rule 12(b)(1) (Doc. No. 12), and Plaintiff's Response to Defendant's Motion to Dismiss (Doc. No. 14), it is **ORDERED** that:

1. The Motion is **DENIED**;

2. The case is **REMANDED** to the Philadelphia County Court of Common Pleas, Case No. 01341, October Term 2014; and

3. The Clerk of Court shall mark this case closed.

BY THE COURT:

/s/ Gerald J. Pappert
GERALD J. PAPPERT, J.